**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

In re:
**EBONY PATRICE JOHNSON-RAMSEY.**                          Case No. 15-72715-SCS
                                                                                              Chapter 13
    **Debtor.**

**TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE
AND NOTICE OF TELEPHONIC HEARING**

COMES NOW R. Clinton Stackhouse, Jr., Chapter 13 Trustee (the "**Trustee**"), and moves to dismiss this case, with prejudice. In support of this Motion, the Trustee states as follows:

1. Ebony Patrice Johnson-Ramsey (the "**Debtor**"), filed a voluntary petition for bankruptcy relief under Chapter 13 of Title 11 of the United States Code (the "**Bankruptcy Code**") in this Court on August 10, 2015 (the "**Petition Date**").  Relief was ordered.

2. The Trustee was appointed as the chapter 13 trustee on August 11, 2015.

3. On August 19, 2015, the Debtor filed her original plan (the "**Plan**"), which was confirmed by the Court on October 20, 2015.

4. In the Plan, the Debtor proposes to make monthly payments to the Trustee, for the benefit of creditors with allowed claims, of $425.00 for sixty (60) months, resulting in total funding of $25,500.00.

5. On July 23, 2020, the Trustee as normal course requested a copy of the Debtor's tax returns for taxable year ending 2019 (the "**2019 Tax Returns**").

R. Clinton Stackhouse, Jr. VSB No. 19358
Chapter 13 Trustee
7021 Harbour View Blvd., Suite 101
Suffolk, VA  23435
(757)  333-4000 Telephone
(757) 333-3434 Facsimile

6. According to the 2019 Tax Returns, the Debtor's gross wages for taxable year ending 2019 were $89,180.00, or $7,431.67 each month.

7. Schedule I, submitted in support of the Plan, list the Debtor's gross monthly wages in the amount of $4,961.00, and the Debtor's net monthly wages in the amount of $3,134.08. Schedule I further states that, as of the Petition Date, the Debtor was employed with the City of Virginia Beach.

8. It appears that, since at least the beginning of 2019, the Debtor has had an increase in gross monthly wages of least $2,470.67 each month.

9. As a result of the review of the 2019 Tax Returns, the Trustee requested copies of the Debtor's most current sixty (60) days' pay advices.

10. Based upon the pay advices provided to the Trustee, it appears that the Debtor is now employed by Belvedere Health Services, LLC ("**Belvedere**") and Thomas P. DiNapoli State Comptroller ("**State Comptroller**").

11. According to the Debtor's Belvedere pay advice dated November 25, 2020, it appears that her average net monthly wages are $3,871.46. According to the Debtor's State Comptroller pay advice dated November 18, 2020, it appears that her average net monthly wages are $2,504.93, for combined net monthly wages of approximately $6,376.39 (the "**YTD Net Monthly Wages**").

12. When the YTD Net Monthly Wages are compared to the net monthly wages listed on Schedule I, it appears that, since at least the beginning of 2020, the Debtor has had an increase in net monthly wages of at least $3,242.31.

13. The Debtor has not filed any amendments to either Schedule I, Schedule J, or chapter 13 plan, reflecting such a change in circumstances.

14. Based upon the above, it appears that since at least the beginning of 2019, the Debtor has had an increase in income, which the Debtor should have been pledging to plan funding, which was not timely disclosed to the Court.

For the foregoing reasons, the Trustee prays that this case be dismissed, with prejudice, for a period of one hundred twenty (120) days, and for such other relief as this Court may deem just under the circumstances.

### NOTICE OF TELEPHONIC HEARING ON MOTION TO DISMISS

Your rights may be affected. You should read these papers carefully and discuss them with you attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

**PENDING FURTHER ORDER OF THE COURT, TAKE NOTICE that,** pursuant to Norfolk Standing Order No. 20-4, a copy of which is attached, the hearing on the Motion to Dismiss will be conducted remotely via Zoom. Any party who wishes to appear must transmit, via electronic mail, a PDF-fillable request form (the "Zoom Request Form") which is attached to the Standing Order 20-4 and is also available on the Court's website, to the appropriate email address. **PLEASE SEE THE ATTACHED NORFOLK STANDING ORDER NO. 20-4 THAT EXPLAINS HOW TO APPEAR VIA ZOOM. YOU MUST TRANSMIT THE ZOOM REQUEST FORM NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING, SCHEDULED FOR JANUARY 21, 2021 AT 11:30 A.M. (EST).**

If you or your attorney do not take the appropriate steps, the Court may decide that you do not oppose the relief sought in the Motion to Dismiss and may enter an order granting relief.

        R. Clinton Stackhouse, Jr.
        Chapter 13 Trustee

        */s/ R. Clinton Stackhouse, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2020, I will electronically file the foregoing Notice and Motion with the Clerk using the CM/ECF system, which will then send electronic notification of such filing to Matthew R. Hahne, Esquire, of Boleman Law Firm, P.C., counsel for the Debtor, to those parties designated to receive service via the Court's ECF, and that a true copy was mailed, first class, postage prepaid to:

Ebony Patrice Johnson-Ramsey
13 Buchanan St.
Albany, NY 12206

        */s/ R. Clinton Stackhouse, Jr.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION
NEWPORT NEWS DIVISION

| | |
|---|---|
| In re: ) | |
| ) | NORFOLK STANDING ORDER 20-4 |
| IMPLEMENTATION OF SECOND ) | |
| AMENDED PROTOCOL ) | |
| FOR HEARINGS IN THE NORFOLK ) | |
| AND NEWPORT NEWS DIVISIONS ) | |
| DUE TO COVID-19 OUTBREAK, ) | NEWPORT NEWS STANDING ORDER 20-4 |
| ) | |

<u>IMPLEMENTATION OF SECOND AMENDED TEMPORARY HEARING PROTOCOL FOR BANKRUPTCY CASES PENDING IN THE NORFOLK AND NEWPORT NEWS DIVISIONS</u>

On June 3, 2020, in response to the outbreak of Coronavirus Disease 2019 (COVID-19) in the United States and the Commonwealth of Virginia, the Court entered Norfolk and Newport News Standing Order 20-3, which implemented an amended temporary hearing protocol for cases in the Norfolk and Newport News Divisions of the Court (the "Amended Hearing Protocol"). The Amended Hearing Protocol was designed to minimize the number of hearings held and enable parties to appear remotely at any required hearings. Pursuant to Norfolk and Newport News Standing Order 20-3, the Amended Hearing Protocol is effective from June 3, 2020, until further notice.

The Commonwealth of Virginia is experiencing increases in COVID-19 cases, positivity rates, and hospitalizations, which underscores the continued need to avoid indoor gatherings so as to minimize transmission of the virus.[1] Accordingly, to facilitate remote hearings, the Court finds that good cause exists to implement a second amended temporary hearing protocol.

---

[1] *See* Sixth Am. Exec. Order 67, https://www.governor.virginia.gov/media/governorvirginiagov/executive-actions/EO-67-SIXTH-AMENDED-and-Order-of-Public-Health-Emergency-Seven---Phase-Three-Further-Adjusting-of-Certain-Temporary-Restrictions-Due-to-Novel-Coronavirus-(COVID-19).pdf

Accordingly, it is hereby ORDERED that, effective upon the entry of this Standing Order and <u>until further notice</u> (the "Protocol Period"), the Second Amended Hearing Protocol, attached hereto as Exhibit A, will apply to all hearings scheduled in all cases and proceedings to be filed or already pending in the Norfolk and Newport News Divisions of the United States Bankruptcy Court for the Eastern District of Virginia.

IT IS SO ORDERED.

**FOR THE COURT:**

/s/ Frank J. Santoro

FRANK J. SANTORO
Chief United States Bankruptcy Judge

Dated: December 2, 2020

# EXHIBIT A

## SECOND AMENDED NORFOLK AND NEWPORT NEWS HEARING PROTOCOL

**CATEGORY 1**: **Hearings that must be removed from the docket by the parties.**

- Confirmation Hearings for Chapter 13 Plans that will be removed from the docket:
    - <u>Uncontested Plan Confirmations</u>:  The Chapter 13 Trustee shall docket a <u>prompt</u> hearing cancellation if (1) the deadline for objections has expired; (2) the Chapter 13 Trustee has filed a recommendation regarding plan confirmation; and (3) any objections filed have been resolved or withdrawn. The Chapter 13 Trustee should then submit the confirmation order in the ordinary course after the confirmation hearing date.
    - <u>Contested Confirmations that Require Amendment of the Plan</u>:  The Chapter 13 Trustee or an objecting creditor shall docket a <u>prompt</u> hearing cancellation if a consent resolution to the trustee's or creditor's objection to confirmation anticipates the filing of an amended plan. An order resolving the objection to confirmation should be submitted in the ordinary course.
    - <u>Plans that are Amended Prior to the Scheduled Confirmation Hearing</u>:  The Court will terminate a scheduled confirmation hearing and remove it from the docket if an amended plan is filed prior to the scheduled confirmation hearing.

- <u>Additional Matters</u>: The moving party shall remove hearings set on the following matters from the docket with a <u>prompt</u> hearing cancellation if (1) the response/objection deadline has expired; and (2) no objections were filed or any objections have been resolved or withdrawn.  The moving party should then submit an appropriate order with the endorsements of all necessary parties in the ordinary course.

    - Motions to Approve Loan Modification (except *nunc pro tunc*)
    - Motions to Allow Late Claim
    - Motions to Vacate Dismissal
    - Motions to Reopen
    - Motions to Extend Stay
    - Motions to Incur Debt (except *nunc pro tunc*)
    - Motions to Sell (except *nunc pro tunc*)
    - Motions for Hardship Discharge
    - Motions to Waive Compliance with § 1328 Certification and/or Post-Petition Financial Management Course
    - Fee Applications
    - Objections to Exemptions
    - Motions for Relief (with consent from all necessary parties, including co-debtors if relief is requested under § 1301(c)(1) or (3))
    - Notices of Default Under Motion for Relief from Stay

1

- Section 707(b) Motions to Dismiss
- Chapter 13 Trustee Motions to Dismiss

If the Court's record reflects that any of the above-listed items is ripe for a hearing cancellation in a specific case, but it has not been promptly removed from the docket by the trustee or moving party, the Court reserves the right to docket a hearing cancellation for that matter. The trustee or moving party must thereafter tender an appropriate order or re-notice the matter for a new hearing date.

If the moving party is not represented by legal counsel, the Court will either terminate the hearing and prepare an appropriate order or continue the matter, depending on the facts and circumstances of the case.

**CATEGORY 1(A)**: **The Court will remove scheduled hearings and enter an appropriate order resolving the following matters if the applicable conditions are satisfied:**

- Reaffirmation Agreements. In cases where the debtor filed bankruptcy with the assistance of counsel, the Court will terminate the hearing and enter an appropriate order on the Reaffirmation Agreement if, by 3:00 p.m. the day prior to the scheduled hearing, counsel files a certification that to the best of counsel's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
  (1) the debtor is in possession of the property securing the debt to be reaffirmed;
  (2) the property is in good condition;
  (3) payments on the debt to be reaffirmed are current; and
  (4) if applicable, the property securing the debt is insured.

  No hearing cancellation should be docketed by counsel.

- Deficiency Notices (Deficiencies Cured): If the Court determines a deficiency notice has been fully cured by 3:00 p.m. the day prior to the scheduled hearing, the Court will terminate the hearing and enter an appropriate Order.

**CATEGORY 2**: **Hearings that will be automatically rescheduled by the Court to a date at least 45 days in the future (Parties will not need to re-notice):**

- Confirmation Hearings for Chapter 13 Plans where (1) the trustee has not filed a recommendation regarding plan confirmation at least 7 days prior to the Confirmation Hearing date; and/or (2) an objection remains pending as of the Confirmation Hearing date. In these instances, the Court will send a notice of rescheduled confirmation hearing.

2

**CATEGORY 3**: **Matters on which hearings will be held (these matters include the following and any other item not otherwise listed in Category 1 or 2):**

- <u>Contested</u> Motions to Dismiss
- <u>Contested</u> Motions to Approve Loan Modification
- <u>Contested</u> Motions to Extend Stay
- <u>Contested</u> Motions to Incur Debt
- <u>Contested</u> Motions to Sell
- <u>Contested</u> Motions to Vacate
- <u>Contested</u> Motions to Reopen
- <u>Contested</u> Motions for Relief from Stay (*Motions for Relief that come before the Court for hearing should involve a true dispute with one or more of the respondent parties. If a full settlement is anticipated, a hearing cancellation should be docketed.*)
- Motions to Impose Stay
- Motions to Withdraw as Counsel for the Debtor(s)
- Motions seeking *nunc pro tunc* relief
- Notices of Final Cure Payment/Motions for Determination of Final Cure Payment
- Pretrial Conferences/Motions for Default Judgment
- Deficiency Hearings (not cured)
- Orders Setting Hearing (<u>Exception</u>: the Chapter 13 Trustee may remove an Order Setting Hearing for Failure to Commence Plan Payments if the debtor(s) has brought plan payments current or if an agreement is reached with the debtor(s) to cure the plan payment arrearage)
- Reaffirmation agreements in cases where counsel has not filed a certification in accordance with Category 1(A).
- Reaffirmation agreements in cases where the debtor is not represented by legal counsel.

The Court reserves the right to continue any of the above items on a case-by-case basis in lieu of holding a hearing.

**IMPORTANT: Unless otherwise ordered, <u>all hearings will be conducted remotely</u> as set forth below in the section entitled "Appearing at Hearings."** The moving party must <u>promptly</u> advise the Court if a matter requires the submission of evidence or witness testimony, so that the Court may determine the most appropriate course of action for that matter.

<u>Noticing Hearings Scheduled During the Protocol Period</u>: For notices of hearing filed after the date of the entry of Standing Order 20-4, if the hearing is scheduled to be held during the Protocol Period, the notice of hearing must state that (1) the hearing will be conducted remotely; and (2) any party who wishes to appear at the hearing should review Norfolk/Newport News Standing Order 20-4, available on the Court's website, for more information on how to appear at the hearing remotely.

Required Appearances (the Court may require additional appearances on a case-by-case basis):
(1) Counsel for the debtor(s);
(2) The debtor, only if the debtor is not represented by legal counsel.
(3) The case trustee and/or United States Trustee and/or his/her counsel, as required based upon the relevant chapter of the Bankruptcy Code and the nature of the matter;
(4) Counsel for the creditor in cases where the creditor is the moving or objecting party; and
(5) The creditor, only if the creditor is not represented by legal counsel.

**Attending a Hearing**

- For hearings scheduled on or before December 11, 2020: See Protocol Exhibit 1 (CourtSolutions) to this Protocol
- For hearings scheduled after December 11, 2020: See Protocol Exhibit 2 (Zoom) to this Protocol

**Final Points:**
- Parties and counsel are responsible for familiarizing themselves with this Protocol.
- During the Protocol Period, there will be no chapter 13 confirmation hearings in Norfolk or Newport News. These hearings will either be cancelled (Category 1) or continued by the Court (Category 2).
- During the Protocol Period, represented debtors are not required appear at hearings. Counsel must make all reasonable efforts to contact clients who have hearings scheduled during the Protocol Period to advise them that they need not appear. Represented debtors are permitted to appear telephonically if they so desire.
- On motion, the Court may continue hearings, excuse required appearances, grant expedited hearings, or otherwise afford relief from this Protocol for good cause shown.
- Newly filed chapter 13 plans and other pleadings should still be set for hearing in the ordinary course.

## PROTOCOL EXHIBIT 1 (CourtSolutions)

This exhibit applies only to hearings on dates on or before December 11, 2020.

Appearing at a Hearing via CourtSolutions:
- All parties must register to appear telephonically via CourtSolutions at least 24 hours prior to the scheduled hearing.
    - If you fail to appear, the Court may either continue the matter or dismiss the matter for failure to prosecute if you are the moving party or deem your opposition waived if you are the respondent.
- Sign up for a CourtSolutions account if you do not have one already (https://www.court-solutions.com/Signup).
    - More information regarding "fee waived" accounts for unrepresented parties, trustees, and members of the public/media may be found below.
- To register, make a single reservation with the judge and list all of your matters on his or her court docket by case number so that you will only pay one appearance fee. That single reservation will work multiple times a day with the same judge on that day. The fee is charged once per reservation per day per judge per attorney.
- You will receive a confirmation email from CourtSolutions when your hearing registration is approved. The confirmation email may appear in your junk/spam folder.
- Approved participants must follow the dial-in instructions contained in the confirmation email. To access the online Hearing Dashboard during the call, log into CourtSolutions no more than 15 minutes before the scheduled hearing time and click the large orange button labeled, "Open Hearing Dashboard" (which button will only appear on the day of the hearing). Accessing the Hearing Dashboard will also provide the user with dial-in instructions.
- For more information, visit https://court-solutions.zendesk.com/hc/en-us/categories/200278849-Lawyers-and-Participants-Frequently-Asked-Questions (last accessed December 1, 2020).

Parties Proceeding Without Legal Counsel: If you are self-represented and need a free account, you should click the boxes "I am not an attorney" and "Fee Waived Account." In reply, you will receive an email from CourtSolutions. You must reply to the email with the requested information. When your fee waived account is approved, you will receive a notification from CourtSolutions. You may then register for hearings. *See* CourtSolutions, https://court-solutions.zendesk.com/hc/en-us/articles/360046345431 (last accessed December 1, 2020).

Trustees: If you need a free account, during the registration process you should click the boxes "I am not an attorney" and "Fee Waived Account." In reply, you will receive an email. Please reply with your name, your jurisdiction, and your position. CourtSolutions will establish a free account and advise you when you can begin using your account. *See* CourtSolutions, https://calls.courtsolutionsllc.com/updates/united-states-trustees-chapter-13-trustees/ (last accessed December 1, 2020).

5

<u>Non-Party Members of the Public and Press (listen only hearings)</u>:  To create an account, click the boxes "I am not an attorney" and "Fee Waived Account" when creating an account. You will receive an automated response email from CourtSolutions. You must reply to the email with the requested information. When your fee waived account is approved, you will receive a notification from CourtSolutions. Your attendance at hearings will be on a listen-only basis. You must make a reservation for the hearing(s) through CourtSolutions and request a listen-only line. *See* CourtSolutions, https://court-solutions.zendesk.com/hc/en-us/articles/360046345431 (last accessed December 1, 2020).

<u>Prohibition on Broadcasting, Televising, Recording, or Photographing Proceedings</u>: Pursuant to Standing Order 20-15, broadcasting, televising, recording, or photographing bankruptcy court proceedings is strictly prohibited.

## **PROTOCOL EXHIBIT 2 (Zoom)**

This exhibit applies only to hearings on dates after December 11, 2020.

Appearing at a Hearing via Zoom for Government:
- You must transmit, via e-mail, a completed PDF-fillable request form (the "Zoom Request Form"), which is attached to this Exhibit and is also available on the Court's website at https://www.vaeb.uscourts.gov/wordpress/?wpfb_dl=880, to the appropriate email address:
    - For hearings before the Hon. Stephen C. St. John (SCS):  EDVABK-ZOOM-Judge_St.John@vaeb.uscourts.gov
    - For hearings before the Hon. Frank J. Santoro (FJS):  EDVABK-ZOOM-Chief_Judge_Santoro@vaeb.uscourts.gov
    - **These email addresses shall be used only to submit Zoom Request Forms. No other matters or requests will be considered by Court staff, and under no circumstances will any such matters or requests be brought to the Judge's attention. Failure to comply with these instructions may result in appropriate action, including but not limited to the imposition of sanctions.**
- If you are appearing for multiple cases on a single date, list only one of the matters for which you are appearing on the Zoom Request Form.
- Absent compelling circumstances, the Zoom Request Form should be submitted no later than two (2) business days prior to the hearing or proceeding.
- Following receipt of your Zoom Request Form, Court staff will respond to the e-mail address from which the request was submitted with both (1) a link to access the virtual courtroom via a computer or mobile device, and (2) a dial-in number to access the virtual courtroom by telephone.  You must use either the link or the dial-in number to attend the hearing.
    - More information on attending a Zoom hearing may be found by reviewing Preparing to Participate in a Zoomgov Video Conference on the Court's website
- If your appearance is required and you fail to appear, the Court may either continue the matter or dismiss the matter for failure to prosecute if you are the moving party or deem your opposition waived if you are the respondent.

Non-Party Members of the Public and Press (listen only):  Please identify yourself as a non-party member of the public or the press on the Zoom Request Form.  Your attendance at the hearing is listen-only.

Prohibition on Broadcasting, Televising, Recording, or Photographing Proceedings: Pursuant to Standing Order 20-15, broadcasting, televising, recording, or photographing bankruptcy court proceedings is strictly prohibited.

**Request to Attend a Hearing via Zoom Before the
United States Bankruptcy Court for the Eastern District of Virginia
<u>Norfolk and Newport News Divisions</u>**

Name(s) of Attendee(s):    _____

_____

_____

_____

_____

*If you are appearing for multiple cases on a single date, list only one of the matters for which you are appearing on that date.*

Case Name:    _____

Case Number:    _____

Hearing/Trial Date:    _____

Hearing/Trial Time:    _____

(*Check only if applicable*)    ___ I am a non-party member of the public or press.